**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR WALTHOUR** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-2779** |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.** | : | |

---

**McHugh, J.**                                                                                    **August 13, 2021**

### MEMORANDUM

Plaintiff Victor Walthour is a serial litigant who has filed multiple suits in connection with the handling of a case involving his incapacitated wife, all of which have been dismissed. A number of these suits have been deemed frivolous and malicious. *See, e.g.*, *Walthour v. Herron,* No. 16- 2162, 2016 WL 5339582, at *6 (E.D. Pa. Sept. 22, 2016), *aff'd*, 720 Fed. Appx. 130 (3d Cir. 2017); *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 22, 2015). His persistent grievance primarily stems from a March 24, 2010 decision by the Honorable John W. Herron to remove Mr. Walthour as co-guardian of his incapacitated wife and the subsequent sale of Trust Property that was held for his wife's residence until she was moved to a facility. In this matter, Mr. Walthour alleges, without elaboration, that he was "deprived of the right to freely associate with a bank of my choosing by a law created by Judge John W. Herron and company," in violation of 42 U.S.C. § 1983, 18 U.S.C. § 242, and the First Amendment. Compl. 2,3, ECF 1. Plaintiff seeks a jury trial and damages. *Id.* at 1, 4.

Defendants PNC Bank, Dean E. Weisgold, Paul Feldman, the Honorable G. Michael Green, and the Honorable John W. Herron have all filed motions to dismiss. I will grant these motions and dismiss Plaintiff's claims with prejudice.

## I.   <u>Standard of Review</u>

The well-established standard elucidated in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) governs motions to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.   <u>Discussion</u>

On its face, the Complaint does not appear to state a cognizable cause of action.  Beyond that, it suffers from multiple defects.  To establish a claim under § 1983, a plaintiff "must establish that conduct complained of was committed by person acting under color of state law, and that conduct deprived person of his rights, privileges, or immunities secured by Constitution of the United States."  *Jones v. Chieffo*, 833 F. Supp. 498, 503 (E.D. Pa. 1993), *aff'd* 22 F.3d 301 (3d Cir. 1994) (internal numbering omitted).  Plaintiff does not plead any facts raising the inference that PNC Bank, Dean Weisgold, and Paul Feldman acted under color of state law, which is fatal to his § 1983 claims.  *Id.*; *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999).  Nor may Plaintiff pursue a claim under 18 U.S.C. § 242, as it confers no private right of action.  *See Walthour v. Herron*, No. 10-01495, 2010 WL 1877704, *3 (E.D. Pa. May 6, 2010).

Plaintiff's § 1983 claims against Judge Herron and Judge Green are also without merit.  As Judge Slomsky noted in an earlier Walthour matter, a judge is immune from suit in his personal capacity unless "he has acted in the clear absence of all jurisdiction."  *Id.* at *5 (internal citations and punctuation omitted).  Mr. Walthour's sparse allegations pertain to actions that Judge Green and Judge Herron undertook as part of their judicial duties, and there is nothing to suggest that they acted in absence of jurisdiction.  And Plaintiff is also barred from suing Judge Green and Judge Herron in their official capacities, as such a suit would constitute a claim against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989) (holding that an entity with Eleventh Amendment immunity is not a "person" within the meaning of Section 1983); *Reiff*

*v. Philadelphia Cnty. Ct. of Common Pleas*, 827 F. Supp. 319, 323 (concluding that the Court of Common Pleas for Philadelphia County is entitled to Eleventh Amendment sovereign immunity").

Previously, Judge Kearney issued an order requiring pre-approval for any filing by Mr. Walthour that was "narrowly tailored to claims against one or more these named Defendants arising from Judge Herron's order addressing the guardianship over Mrs. Hobkirk." *Walthour*, 2016 WL 5339582, at *6.  Given Mr. Walthour's continued frivolous filings, stronger protections to prevent abuse of the court system are warranted, and he is risking sanctions.  *See Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (stating that a court may impose sanctions where "the filing of the complaint constituted abusive litigation or misuse of the court's process"); *Calesnick v. Redevelopment Authority of City of Philadelphia*, 696 F.Supp. 1053, 1056 (E.D. Pa. 1988) (sanctioning *pro* se plaintiffs and enjoining future litigation).  Separately, an order will be prepared broadening Judge Kearney's prohibition against Mr. Walthour's improper use of the courts.

### III.    Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss will be granted, and Plaintiff's claims will be dismissed with prejudice.[1]  An appropriate order follows.

> s/Gerald Austin McHugh
> United States District Judge

---

[1] The remaining defendant is the City of Philadelphia.  The Complaint is devoid of any factual allegations that directly implicate the City, and it is difficult to conceive of a theory of liability.  The city, however, has not moved to dismiss and dismissal is limited to the moving defendants.  I shall, however, issue an order requiring Plaintiff to show cause as to why his complaint should not be dismissed under Rule 12(b)(6).